UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> NAJEEB RAHMAN, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:15-cr-00178-GMN-GWF <br><br> **ORDER** |

Pending before the Court is Defendant Najeeb Rahman's ("Defendant's") Motion to Modify Conditions of Release, (ECF No. 138), to which the Government filed a Response, (ECF No. 142).

Also pending before the Court is Defendant's Emergency Motion for Hearing and Supplement to Motion to Modify Conditions ("Emergency Motion"), (ECF No. 143). The Government filed a Response, (ECF No. 145), and Defendant filed a Reply, (ECF No. 146).[1]

For the reasons discussed below, Defendant's Motions to Modify Conditions of Release are **DENIED**.[2]

**I.     BACKGROUND**

Defendant is currently serving three years of supervised release as part of his sentence for Conspiracy to Commit Wire Fraud under 18 U.S.C. §§ 1349, 1343, and 3147. (J., ECF No. 75). The Court incorporates the background information and procedural history of this case

---

[1] The U.S. Probation Office also submitted a response to Defendant's Motions.

[2] Defendant requests a hearing as part of his Emergency Motion. Under the Federal Rules of Criminal Procedure, a court must hold a hearing if it intends to modify the conditions of probation or supervised release. Fed. R. Crim. P. 32.1(c)(1) ("*Before* modifying the conditions of probation or supervised release, the court must hold a hearing . . . ."). Because the Court is not modifying the conditions of supervised release, a hearing is not necessary, and the Court denies Defendant's request for a hearing.

from its previous Order denying Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) and Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Order 1:17–4:22, ECF No. 134).

This is the third case in which Defendant has been sentenced in federal court. (USA v. Rahman, Case No. 2:98-cr-00417-KJD-RJJ-1 ("the 1998 case")); (USA v. Rahman, Case No. 2:08-cr-00126-KJD-PAL-1 ("the 2008 case")).  Defendant owes restitution in each case: As of October 27, 2022, Defendant has a total outstanding balance of $240,858.46 in the 1998 case, $45,371.59 in the 2008 case, and $184,775.00 in the instant case. (Restitution Report, Case No. 2:98-cr-00417-KJD-RJJ-1); (Restitution Report, Case No. 2:08-cr-00126-KJD-PAL-1); (Restitution Report, Case No. 2:15-cr-00178-GMN-GWF).

## II.    DISCUSSION

In his Motions to Modify Conditions of Release, Defendant requests the following: (1) that restitution be deemed satisfied upon payment directly to the victim in this case; (2) permission to travel to Los Angeles for one day; and (3) permission to visit his terminally ill stepmother in Pakistan.  For the reasons discussed below, the Court DENIES each request.

### A.    Request to Deem Restitution Satisfied

Defendant owes restitution to Iglesia De Dios Pentecostal as the victim in this case. (Restitution List, ECF No. 71).  Defendant claims that Pastor Israel Ramirez of Iglesia De Dios Pentecostal approached Defendant seeking "a lump sum from [Defendant] in exchange for considering itself fully restituted." (Mot. Modify Conditions Release 2:23–25, ECF No. 138). Defendant now asks the Court to deem restitution satisfied in this case in the event Defendant makes this lump sum payment to the Pentecostal Church. (*Id.* 2:3–6).

A defendant may not discharge a restitution judgment based on a private settlement between the victim and the defendant because "restitution is a criminal sentence that cannot be extinguished by a victim's disclaimer of benefits." *United States v. Hankins*, 858 F.3d 1273,

1275 (9th Cir. 2017).  Here, Defendant wishes the Court to discharge a restitution judgment based on a private settlement between the victim and the Defendant.  However, the Court cannot and will not do so. *See Hankins*, 858 F.3d at 1275.  Accordingly, Defendant must pay restitution according to his sentence.

### B. Request for Permission to Travel to Los Angeles and Pakistan

Defendant seeks modifications of his conditions of supervised release to permit him to travel to Los Angeles to secure notarization on a document granting power of attorney to his son regarding some of Defendant's effects in Pakistan and to travel to Pakistan to visit his ailing stepmother.  The Government and the Probation Office raise several concerns relating to Defendant's requests.

A district court has broad discretion to modify conditions of supervised release. 18 U.S.C. § 3583(e); *United States v. Bainbridge*, 746 F.3d 943, 951 (9th Cir. 2014).  In determining whether to modify supervised release conditions, courts consider the relevant § 3553 factors, which include the following: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) protection of the public; and (3) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553 (a)(1), (a)(2)(C), and (a)(7); *United States v. Hejazi*, No. 1:18-cr-00305-BLW, 2021 WL 1254670, at *1 (D. Idaho Apr. 5, 2021).

Here, the relevant factors weigh against modifying the conditions of supervised release.  First, it appears that Defendant has violated his conditions of supervised release.  Under his special conditions of supervision, Defendant is "prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer." (J. at 5).  According to the U.S. Probation Office, "[s]ince commencing supervised release, [Defendant] has refinanced his residence, taken out a Home Equity Line of Credit (HELOC), opened two credit card accounts, taken out

1  a secured loan, and financed a vehicle, all without the permission or knowledge of the
2  Probation Office." (Report on Offender Under Supervision 12A at 2).  This weighs against
3  Defendant's requests for modification.

4  Second, as noted above, Defendant owes more than $450,000.00 in restitution across
5  three federal cases.[3]  Defendant seeks to travel to Los Angeles to fill out a form permitting his
6  son to manages his properties in Pakistan; as the Government argues, "he should disclose those
7  assets to the government and use them to pay down his restitution obligations." (Resp. Mot.
8  Modify Conditions Release 7:10–14, ECF No. 142).  Indeed, Defendant was required to
9  "provide accurate and complete financial information" pursuant to his plea agreement. (Plea
10 Agreement, ECF. No. 13).  Permitting Defendant to travel to Los Angeles and Pakistan may
11 negatively impact Defendant's ability to pay restitution to his victims because Defendant
12 acknowledges he has assets in Pakistan he seeks to dispose of. (Mot. Modify Conditions
13 Release 2:9–17) (explaining Defendant's desire to visit the Pakistani consulate so his son may
14 dispose of his properties in Pakistan).

15 Third, the Court agrees with the Government's doubts about the verity of Defendant's
16 claims and motives for his travel requests. (*See* Resp. Emergency Mot. 1:19–2:2).  The nature
17 and circumstances of the offense and the history and characteristics of Defendant support the
18 Government's concerns: All three of Defendant's federal criminal sentences were based upon
19 fraud.  (*See generally* J.); (J., Case No. 2:98-cr-00417 KJD-RJJ-1, ECF No. 53); (Am. J., Case
20 No. 2:09-cr-00126-RLH-PAL-1, ECF No. 141).  Moreover, the Government notes that
21 Defendant "has a lengthy history of making false claims to his victims and to the Court." (Resp.
22 Emergency Mot. 1:19–20).  Thus, it is exceedingly difficult for the Court to trust the veracity of
23 Defendant's stated motives for requesting modification of his supervised release.

---

[3] To the extent Defendant challenges his restitution obligations in the 1998 and 2008 cases, (*see* Emergency Mot. 2:20–3:6, ECF No. 143), Defendant must do so in those cases.

The Court is sympathetic to Defendant's desire to visit his ailing stepmother. However, the Government and U.S. Probation Office's concerns persuade the Court that the nature and circumstances of the offense and the history and characteristics of Defendant, the need to protect of the public, and the need to provide restitution to any victims of the offense weigh against Defendant's request to modify his conditions of supervised release. In its discretion, the Court DENIES Defendant's Motions to Modify Conditions of Release.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Modify Conditions of Release, (ECF No. 138), and Emergency Motion for Hearing and Supplement to Motion to Modify Conditions, (ECF No. 143), are **DENIED**.

**DATED** this __16__ day of November, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court