UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> NAJEEB RAHMAN, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:15-cr-00178-GMN-GWF <br><br> **ORDER DENYING TERMINATION OR MODIFICATION OF SUPERVISED RELEASE** |

Pending before the Court is Defendant Najeeb Rahman's ("Defendant's") Motion for Termination of Supervised Release, or in the alternative, Modification of Supervised Release, (ECF No. 148). The Government filed a Response, (ECF No. 150), to which Defendant filed a Reply, (ECF No. 153).[1] Defendant seeks early termination or modification of supervised release to permit him to travel internationally. (Mot. Early Termination or Modification 6:9–7:11, ECF No. 148); (Reply 3:12–27, ECF No. 153). The Court denied Defendant's earlier requests to travel domestically and internationally less than a year ago. (*See* Order Denying Modification, ECF No. 147). The Court again **DENIES** Defendant's requests for termination or modification of supervised release because Defendant is not in compliance with the terms of his probation.

**I.   BACKGROUND**

Defendant is currently serving three years of supervised release as part of his sentence for Conspiracy to Commit Wire Fraud under 18 U.S.C. §§ 1349, 1343, and 3147. (J., ECF No. 75). The Court incorporates the background information and procedural history of this case

---

[1] Defendant submitted his Motion *pro se* but later retained counsel for the submission of his Reply. (Not. Att'y Appearance, ECF No. 149); (Reply 2:3–7, ECF No. 153).

from its previous Orders denying Defendant's Motion for Compassionate Release, Motion to Vacate, Set Aside, or Correct Sentence, and Motion to Modify Conditions of Release. (Order #134 1:17–4:22, ECF No. 134); (Order #147 1:18–2:10, ECF No. 147).

## I.   LEGAL STANDARD

Title 18 Section 3583 of the United States Code allows a court to terminate or "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release[.]" 18 U.S.C. § 3583(e)(1)–(2).  When making this determination, a court considers (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence of criminal conduct; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care, or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See Id.* § 3583(e); 18 U.S.C. § 3553(a).  A defendant bears "the burden of showing that he is entitled to early termination." *United States v. Robins*, No. 08-cr-01497, 2014 WL 11790802, at *2 (C.D. Cal. May 27, 2014) (citing *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

## II.   DISCUSSION

Defendant seeks early termination or modification of supervised release to permit him to travel for unspecified work-related reasons, to visit ailing family members abroad, and to perform a religious pilgrimage. (Mot. Early Termination or Modification 6:9–7:11, ECF No. 148); (Reply 3:12–27, ECF No. 153).  Last year, the Court denied Defendant's previous Motion to Modify Conditions of Release, including Defendant's request to travel to Pakistan to visit his

///

ailing stepmother. (Order #147). The Court denied Defendant's request in part because Defendant violated his conditions of supervised release. (*Id.* 3:19–4:3).

Apart from the passage of time, Defendant has not alleged any changed circumstances since he filed his previous motion requesting modification of his supervised release conditions. The passage of time, if coupled with exemplary behavior, could weigh in favor of granting relief. But here, the Court received another 12A Report on Offender Under Supervision one week after Defendant filed the instant Motion, detailing Defendant's further noncompliance with the conditions of his supervision. Namely, Defendant has opened three additional credit card accounts, took out an additional secured loan, and took out a conventional real estate mortgage, all without permission from his probation officer. Defendant's conditions of supervision explicitly prohibit him from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer. (J. at 5, ECF No. 75). In light of Defendant's violations of his conditions of supervised release, the Court declines to exercise its discretion to terminate or modify the conditions of his supervised release.[2]

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Termination or Modification of Supervised Release, (ECF No. 148), is **DENIED**.

**DATED** this __1__ day of November, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] The Court addressed other factors listed in 18 U.S.C. § 3553(a) in its prior Order denying modification of supervised release conditions. (Order #147 3:11–4:23). Specifically, the Court found that permitting Defendant to travel may negatively impact Defendant's ability to pay restitution to his victims and further explained how the nature and circumstances of his fraud-based offenses weigh against modifying the conditions of supervised release. These factors remain unchanged.